FILED'06 MAY 18 13:08USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate No. 05-2009M<br>(CVB #F2573831) |
|     Plaintiff, | |
| v. | ORDER ON APPEAL |
| ERIC L. JOHNSON, | |
|     Defendant. | |

Aiken, Judge:

    Defendant appeals an Order and Judgment by Magistrate Judge Hubel finding defendant guilty of damaging a natural feature of the United States in violation of 36 C.F.R. § 261.9(a). Defendant's appeal is denied.

BACKGROUND

    On July 9, 2004, United States Forest Service Officer Sean Reed was on patrol in the Deschutes National Forest. Officer Reed received a report from a business owner at Crescent Lake Junction that defendant was camping in the Deschutes National Forest behind

1 - ORDER

the Willamette Inn and had burned several large fires at his campsite. Officer Reed located the campsite, but no individuals were present. Officer Reed ascertained that one vehicle located at the campsite was registered to defendant.

On July 10, 2004, Officer Reed returned to the campsite and contacted defendant. Officer Reed asked defendant whether he had produced the carving, and defendant neither confirmed nor denied that he did. Officer Reed issued defendant a citation for damaging property of the United States in violation of 36 C.F.R. § 261.9(a).

On January 21, 2005, at trial before Magistrate Judge Hubel, the government asked whether defendant carved the tree at issue. Defendant admitted that he did.

## STANDARD OF REVIEW

In an appeal from a magistrate judge's order or judgment, "[t]he defendant is not entitled to a trial de novo by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Rather, the "scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Id. Accordingly, construction of federal law and other legal questions are reviewed *de novo*, while factual findings are reviewed for clear error. United States v. Campbell, 42 F.3d 1199, 1203 (9th Cir. 1994); United States v. Doremus, 888 F.2d 630, 631 (9th Cir. 1989).

## DISCUSSION

Defendant was cited for violating 36 C.F.R. § 261.9(a), which

2 - ORDER

prohibits "[d]amaging any natural feature or other property of the United States."  "Damaging" is defined as "to injure, mutilate, deface, destroy, cut, chop, girdle, dig, excavate, kill or in any way harm or disturb."  36 C.F.R. § 261.2.  In this case, defendant was found guilty of § 261.9(a) based on a tree carving at his campsite within the Deschutes National Forest.

Defendant first argues that the government failed to establish that the tree in question was the property of the United States.  However, at trial Officer Reed testified that the tree on which defendant carved an image was located within the Deschutes National Forest, based on his knowledge and experience as a Forest Service law enforcement officer who regularly patrolled the area.  Although defendant contests Officer Reed's testimony, defendant presents no evidence to rebut this testimony.  Therefore, Magistrate Judge Hubel's finding that the tree was within United States Forest Service land was not clearly erroneous.

Defendant next argues that the 36 C.F.R. § 261.9(a) is unconstitutionally vague and overbroad, because it does not give adequate notice regarding the conduct it prohibits.  The Ninth Circuit has previously upheld § 261.9(a) as constitutional on its face, holding that "it is clear that no constitutionally protected conduct is implicated nor is the [regulation] so vague as to specify 'no standard of conduct at all.'"  Doremus, 888 F.2d at 634 (quoting United States v. Westbrook, 817 F.2d 529, 531-32 (9th Cir.

3 - ORDER

1987)). Thus, the question is whether the regulation is vague as applied to defendant.

Defendant argues that no violation of § 261.9(a) would have occurred if defendant had cut down the tree for use as firewood. This fact is irrelevant. "A plaintiff who engages in some conduct which is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982). Here, defendant did not cut down the tree for firewood - he carved a drawing on the trunk of the tree. This conduct clearly is proscribed by § 261.9(a), and the regulation is not unconstitutionally vague as applied to defendant.

CONCLUSION

Defendant's appeal and Motion to Dismiss are DENIED. Magistrate Judge Hubel's order and judgment are AFFIRMED.

IT IS SO ORDERED.

Dated this 16 day of May, 2006.

_____
Ann Aiken
United States District Judge

4 - ORDER